that the speedy trial claim raised by defendant is without merit, so that the reversal warranted here does not vitiate the indictment. Concur—Sullivan, J. P., Lane, Markewich, Silverman and Ross, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT SEGURE, Appellant.—Judgment, Supreme Court, New York County, rendered on September 29, 1977, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Kupferman, J. P., Birns, Sandler, Markewich and Silverman, JJ.

■ In the Matter of VINCENT DI PACE CORP., Appellant, v CITY OF NEW YORK, Acting by Its Department of Ports and Terminals, et al., Respondents. —Judgment, Supreme Court, New York County, entered on February 21, 1979, unanimously affirmed for the reasons stated by Nadel, J., at Special Term. Respondents shall recover of appellant $75 costs and disbursements of this appeal. Concur—Fein, J. P., Sullivan, Bloom, Lane and Lupiano, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant.—Judgment, Supreme Court, New York County, rendered on September 29, 1977, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Fein, J. P., Sullivan, Bloom, Lane and Lupiano, JJ.

■ KEITH COPEN et al., Suing on Behalf of Themselves and All Other Blue Cross Subscribers, Similarly Situated, Appellants, v ASSOCIATED HOSPITAL SERVICE, Respondent.—Order, Supreme Court, New York County, entered on July 26, 1978, unanimously affirmed for the reasons stated by Korn, J., at Special Term, without costs and without disbursements. Concur —Fein, J. P., Sullivan, Bloom, Lane and Lupiano, JJ.

■ SHEILA MOSLER, Appellant, v JOHN MOSLER, Respondent.—Order, Supreme Court, New York County, entered on September 12, 1978, unanimously affirmed, without costs and without disbursements. Settle order to provide for date and place of examination before trial and delivery of keys. Concur—Birns, J. P., Sandler, Sullivan, Lane and Markewich, JJ.

■ In the Matter of ROBERT A. KATZ, as Attorney for NICASIO GARCIA, Petitioner, v RICHARD G. DENZER, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICASIO GARCIA and JOSE MANUEL POLLOCK, Appellants.—CPLR article 78 petition to prohibit respondent from sitting as the trier of fact or Judge on remand hearing and for other relief, is unanimously denied; the motion of respondent to dismiss the petition for failure to state a claim, is granted and the petition is dismissed; the motion of proposed intervenor Jose Pollock to intervene in the CPLR article 78 proceeding, is denied, all without costs. Motion by defendant Garcia, joined in by defendant Pollock, for reargument, is unanimously denied, without costs. (Rules of Appellate Division, First Department, 22 NYCRR 600.14 [a].) So much of the application as seeks leave to appeal from the order of April 2, 1979, is referred to Justice Silverman of this court who denied leave. (CPL 450.15; 460.15 subd 1.) This CPLR article 78 proceeding is both procedurally and substantively defective. The attorney for a defendant in a criminal case is not a proper party petitioner, even nominally to bring an article 78 proceeding. *(Matter of Klein v Haft,* 68 AD2d 872.) As there is no claim of